2008R00576/ewm

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 09-215 (DMC) |
| | : | |
| v. | : | |
| | : | |
| NIGEL ROBERTS, | : | |
|     a/k/a "Skang," | : | |
|     a/k/a "Tony Reid," | : | |
| CORTNIE SPENCER, | : | |
|     a/k/a "Skippy," | : | |
|     a/k/a "Donovan Grey," | : | |
| PRINE GEORGE ALFONSO JONES, | : | ORDER |
|     a/k/a "Prince," | : | |
| ROGER FOLKES, | : | |
|     a/k/a "Kirk," | : | |
| ROMEO FOLKES | : | |
|     a/k/a "Rocky," | : | |
| MERVIN FRANCIS, | : | |
| TAJARA BARNES, and | : | |
| GENARD HOWARD | : | |

This matter having been opened to the Court on the application of Paul J. Fishman, United States Attorney for the District of New Jersey (Eric W. Moran, Assistant U.S. Attorney, appearing), and counsel for defendants Nigel Roberts (David W. Macey, Esq., appearing), Cortnie Spencer (Barry Turner, Esq., appearing), Genard Howard (Susan Cassell, Esq., appearing), Tajara Barnes (Paul Condon, Esq., appearing), and Mervin Francis (Howard Brownstein, Esq., appearing) having consented to the instant order, and good cause having been shown, the Court makes the following findings:

1. This case is sufficiently complex, due to the nature of the prosecution, that it is unreasonable to expect

adequate preparation for pretrial proceedings and trial within the time limits established by Title 18, United States Code, Section 3161. For example, this is complex in that it is a wiretap case that involves recorded calls over two target telephone facilities, which took place over the course of approximately three months, and will involves the review of thousands of calls and the transcription and transcription of possibly hundreds calls that are thus far deemed pertinent.

2. There is currently pending a request on behalf of the United States Department of Justice pursuant to the Treaty Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters (also known as the Mutual Legal Assistance Treaty or "MLAT"), which constitutes an "official request" under Title 18, United States Code, Section 3292(d). Given the nature of the allegations, for example that defendants Tajara Barnes and Genard Howard were arrested carrying cocaine in the handrails of their luggage at London Heathrow Airport on or about May 6, 2008, it reasonably appears that evidence of the crime charged is in Great Britain.

3. The defendants are alleged to be members of an international narcotics smuggling organization whose goal it was to smuggle cocaine from the West Indies, that is, Jamaica and Saint Lucia, into the United States, and then to export the

cocaine from the United States to Great Britain and elsewhere for distribution. Accordingly, the allegations attendant with this case involve evidence from at least four countries on three continents.

4. The ends of justice served by a continuance of the trial date in this matter until February 1, 2010 outweigh the interest of the public and the defendants in a speedy trial.

IT IS, therefore, on this ___20___ day of October, 2009,

ORDERED that the trial date in this matter is continued until February 1, 2010, and that the period of time from November 16, 2009 through February 1, 2010 shall be excluded for the purposes of computing time under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(6), (h)(7)(A), (h)(7)(B)(ii), (h)(7)(B)(iv), and (h)(8); and it is further

ORDERED that:

1. Defendants shall file pretrial motions on or before January 11, 2010;

2. The government shall respond to such motions on or before January 18, 2010;

3. The return date for pretrial motions shall be January 25, 2010, at 10:00 a.m.; and

4. Trial shall commence on February 1, 2010 at 10:00 a.m.

_____
HON. DENNIS M. CAVANAUGH
United States District Judge

- 3 -